<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-1395**

———————

CARLOS LUIS AMAYA-ARRIAZA,

Petitioner,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A71-777-881)

———————

Submitted:  September 28, 1999      Decided:  November 3, 1999

———————

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for
Petitioner.  David W. Ogden, Acting Assistant Attorney General,
David M. McConnell, Assistant Director, Papu Sandhu, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Carlos Luis Amaya-Arriaza seeks review of an order of the Board of Immigration Appeals (Board) dismissing an appeal from the decision of the immigration judge and denying him political asylum, 8 U.S.C.A. § 1158 (West 1999), and withholding of deportation, 8 U.S.C. § 1253(h) (1994).[1] Amaya-Arriaza is a native and citizen of El Salvador.

We conclude that the decision of the Board is supported by "reasonable, substantial, and probative evidence on the record considered as a whole . . . ." 8 U.S.C. § 1105a(a)(4) (1994).[2] Therefore, we deny Amaya-Arriaza's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[1] This section has been repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. However, because Amaya-Arriaza was in deportation proceedings on the effective date of the Act, the amendments do not apply. IIRIRA § 309(c)(1).

[2] Section 306(b) of the IIRIRA, repealed 8 U.S.C. § 1105a(a)(4), replacing it with 8 U.S.C.A. § 1252(b)(4) (West 1999). Again, because Amaya-Arriaza was in deportation proceedings before the effective date of the IIRIRA, the transitional rules provide for judicial review under § 1105a(a)(4) as it existed before enactment of the IIRIRA. IIRIRA § 309(c)(4).